IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:20-cr-114-DPM |
| | ) | |
| EDDIE SCOTT SEATON | ) | |

**RESPONSE TO GOVERNMENT'S NOTICE OF INTENT
TO OFFER "INTRINSIC" OR F.R.E. 404(b) EVIDENCE
AND MOTION IN LIMINE**

The government's intrinsic / 404(b) evidence (Doc. 31–31-1) should be rejected. Moreover, in the narrow facts of this case, the government's proffered evidence is (a) more prejudicial than relevant under F.R.E. 403 and (b) becomes character evidence barred by F.R.E. 404(a)(1).

Defendant thus moves to keep it out. Keeping it out, we submit, is critical to defendant getting a fair trial under the due process clause.[1] Letting it in here essentially works to lower the government's burden of proof by making it 404(a)(1) character evidence.

The defense here is denial. It wasn't accidental; it wasn't Seaton. He has no knowledge. There are other explanations for what was on the computer, and defendant puts the government to its burden of proof of beyond a reasonable doubt.

Defendant denies ever seeing or downloading child porn. If there was anything on the desktop computer in the home, it came from Hicks who accessed it, and Hicks pled in 4:20CR00104 DPM (Doc. 23)[2] on September 21, 2021 and was sentenced nine months later to 84 months and 84 months supervised release. (Doc. 36) Hicks admitted to distribution, images of children under 12,

---

[1] "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136 (1955).

[2] And note that there is no summary of the facts to be proved by the government in the plea agreement. It's normally in ¶ 5(F).

1

sadomasochistic pictures, and "at least 600 images." (Doc. 23, ¶ 5(b)).

Yes, Seaton had the IP address, but Hicks was doing P2P downloads and uploads on BitTorrent[3] on his own computers from Seaton's IP address from Hicks's vehicle parked in the driveway.

Moreover, BitTorrent was probably on Hicks's computer and not on Seaton's computer, because he admitted to the police he knew how BitTorrent works. (Doc. 31 at 4) The lack of BitTorrent on defendant's computer excludes him from what Hicks was doing on the P2P file sharing that led to the search warrant.

Indeed, defendant submits the government can't even put defendant in his own home at the time Hicks was downloading child pornography images.[4]  Hicks was occasionally permitted into the house, and there will be testimony he used the desktop computer in the house, too.

Hicks is presumably testifying for the government, which is apparent since he's no longer in the BOP; ergo, he's on his way here.[5]  This calls for 8th Cir. Model Instruction 4.06, which defendant will offer, under the assumption Hicks is getting a Rule 35 reduction if he satisfies the government.[6]  The government hasn't yet provided the terms under *Brady/Giglio*.

---

[3] https://en.wikipedia.org/wiki/BitTorrent.

[4] When the search warrant was executed at 5:02 pm December 30, 2019, defendant had just put on his LRPD uniform to drive from Cabot to work at LRPD. That means he was on the night shift in December 2019.  The P2P actions on December 11th at 01:17 UTC would be -5 hours back to here or 9:17 pm December 10th, and that puts defendant on duty in Little Rock.  December 12th at 12:27 UTC would be 7:27 am, before he got home from work.
Presumably the government has known all along defendant has an alibi for Hicks's downloads.

[5] He's probably in the Core Civic private jail in Talahatchie because he's not in an Arkansas jail per Vinelink.

[6] 4.06 TESTIMONY OF INFORMER

## I. Relevance

To get over the relevancy requirement of F.R.E. 401, the government points out in graphic detail the P2P child porn in its pleading (Doc. 31 at 2-3) but the fact remains that it is Hicks's crime, and they cannot tie defendant any of that at all. We suspect that the forensic evidence will show conclusively that these images came off Hicks's computer, and likely will not be a fact in dispute.

The government also notes 61,000 "carved images" on the desktop. Defendant's computer was built by a man since sentenced to federal prison for manufacturing child porn and sentenced to over 40 years with a 2068 release date. Defendant has no idea where those images came from, and, more importantly, the government can't show that defendant ever looked at them. Computer forensic tools are required to see "carved" files, or file artifacts.

First, it's a safe bet there was no FTK ("forensic tool kit") on defendant's desktop. (And, even if he had one he doesn't even know what it is or does or that he could find it.) Without one, no one could see the files except the FBI or other computer analysts who can use their own. Second, the government cannot show that defendant *ever* looked at those fragments, let alone knew they were there, put them there, or ever tried to recover them, unless that's Hicks's purpose as a witness.

## II. Bootstrapping

So, with all the stuff the government has, what is directly incriminating? Actually not much. Therefore, the government wants the other stuff in by "res gestae" or 404(b) to bootstrap its case into something way more than it is. And that's the rub about 404(b) here being more prejudicial than

---

You have heard evidence that Kevin Michael Hicks has an arrangement with the prosecution under which he could receive a sentence reduction for providing information to the [prosecution]. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his information or testimony may have been influenced by this anticipated benefit is for you to determine.

3

relevant and a due process consideration. There should at least be something actually incriminating that rises above mere character evidence under 404(a)(1), and there's not.

So, the government offers his old personal writings (Doc. 31-1) which are not clearly relevant to what the government has to prove. The "stories" are cryptic outlines and not even complete thoughts. They involve fantasies of teenage boys having sex with older women, which isn't even the subject of the child pornography the government claims he is criminally responsible for (adult men and minor females). As we already said, it's bootstrapping in that it seeks to turn speculation into "evidence" when it's really nothing at all.[7] It doesn't "complete" the crime or "refute" his innocence.

It is thus not intrinsic evidence.

### III. Intrinsic it is not because it doesn't show context; being "intrinsic" sidesteps proper 404(b) analysis; "res gestae" is a meaningless phrase

Merely claiming something is "intrinsic" is not helpful or even meaningful. And, it's actually a way to sidestep proper 404(b) analysis.

"When evidence is admitted under res gestae, Rule 404(b) is not implicated. *See United States v. LeCompte,* 108 F.3d 948, 952 (8th Cir.1997)." *United States v. Riebold,* 135 F.3d 1226, 1229 (8th Cir. 1998). Once upon a time, law students were cautioned because Wigmore[8] said that "res gestae" was not to become a talisman to wave off any critical thought.[9]

---

[7] The government has search warrant photographs of defendant's anime books and programs where he drew anime images found on the computer.

[8] 6 WIGMORE, EVIDENCE § 1767 at 255 (Chadbourn rev.1976) ("It is harmful, because by its ambiguity it invites the confusion of one rule with another and thus creates uncertainty as to the limitations of both. It ought therefore wholly to be repudiated as a vicious element in our legal phraseology.").

[9] The subtext was: "Judge, you don't even have to think about this. It's 'res gestae' so it just

Defendant submits, however, the government can't even show it is "intrinsic" – if it's different, it's not "res gestae" by definition.[10] "Res gestae, also known as intrinsic evidence, is 'evidence of wrongful conduct other than the conduct at issue ... offered for the purpose of providing the context in which the charged crime occurred.' *United States v. Johnson,* 463 F.3d 803, 808 (8th Cir.2006)." *United States v. Campbell,* 764 F.3d 880, 888 (8th Cir. 2014).

If it's not uniquely "similar," it simply doesn't show context; and Doc. 31-1 is not similar. *United States v. White Plume,* 847 F.3d 624, 628 (8th Cir. 2017) (without similarity, it's not intrinsic). *Compare United States v. Johnson,* 439 F.3d 884, 888–89 (8th Cir. 2006) ("stories about the rape of young girls," thus similar to the images of child pornography found on his computer, were admissible under 404(b)),[11] with *United States v. Evans,* 802 F.3d 942, 946–47 (8th Cir. 2015) (district court properly rejected sex stories that really added nothing to government's case).[12]

And, if it can't "complete the story," it's not intrinsic. *United States v. Luna,* 94 F.3d 1156, 1162 (8th Cir. 1996), quoting another *Johnson,* 463 F.3d at 808 ("Unlike evidence admitted under Rule 404(b), pertaining to distinct prior acts, intrinsic evidence relates to crimes that are "so blended or connected with the ones on trial as that proof of one incidentally involves the others.'");

*See* also the discussion in *United States v. Green,* 617 F.3d 233, 248–49 (3d Cir. 2010), about

---

comes in." (Some of us have actually seen this in action.)

*See* the explanation in 1 MCCORMICK ON EVIDENCE § 190.9 n. 8 at 1169–70 (8th ed. 2020), quoting first *United States v. Krezdorn,* 639 F.2d 1327, 1332 (5th Cir. 1981), quoting Weinstein and adding "Some courts have labeled this exception res gestae, an appellation that tends merely to obscure the analysis underlying the admissibility of the evidence."

[10] "Res gestae" also is supposed to mean "part of the same act," and this isn't.

[11] On remand at 2006 WL 2548913 (N.D. Iowa Aug. 31, 2006).

[12] *And see United States v. Lechner,* 952 F.3d 954, 962 (8th Cir. 2020) ("The stories in *Johnson* and *Evans* were offered solely to establish an interest in young children. No other possibility existed for their usefulness at trial.").

vagueness and overbreadth in determining intrinsicness (if that's a word).

> Our resistance to the "inextricably intertwined" standard has not diminished since *Cross,* and today we make clear that this is not our test for intrinsic evidence. Like its predecessor res gestae, the inextricably intertwined test is vague, overbroad, and prone to abuse, and we cannot ignore the danger it poses to the vitality of Rule 404(b).
>
> That is not to say we reject the concept of intrinsic evidence entirely. Instead, we will reserve the "intrinsic" label for two narrow categories of evidence. First, evidence is intrinsic if it "directly proves" the charged offense. *See, e.g., Cross,* 308 F.3d at 320; *Gibbs,* 190 F.3d at 218 (acts of violence admissible as direct proof of the charged drug conspiracy). *See also Bowie,* 232 F.3d at 929 (acknowledging that evidence of "an act that is part of the charged offense ... is properly considered intrinsic"). This gives effect to Rule 404(b)'s applicability only to evidence of "other crimes, wrongs, or acts." Fed.R.Evid. 404(b) (emphasis added). If uncharged misconduct directly proves the charged offense, it is not evidence of some "other" crime. *Gibbs,* 190 F.3d at 218. Second, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Bowie,* 232 F.3d at 929. But all else must be analyzed under Rule 404(b).

Even *United States v. Riebold,* 135 F.3d 1226, 1229 (8th Cir. 1998), cited by the government goes down as a res gestae case, but it seems it should more obviously have been 404(b).[13] There, Riebold had a prior fraud conviction and this one was similar.

> Not every story needs lurid embellishment, and courts frequently stretch the 'complete-the-story" logic too far. The rationale should be applied only (1) when reference to the other crimes is essential to a coherent and intelligible description of the offense at bar, (2) when the incomplete story that the defendant would prefer leaves a gap that would frustrate "the jurors' expectations about what proper proof should be," or (3) when the material in question is necessary to a fair understanding of the behavior of individuals involved in the criminal enterprise or the events immediately leading up to them.

MCCORMICK § 190.9 at 1169–70 (footnotes omitted).

### IV. 404(b)

To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient

---

[13] Again, an example of "res gestae" waving off critical thought.

evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value." *United States v. Kern,* 12 F.3d 122, 124–25 (8th Cir.1993). All four must be satisfied. Defendant submits that, if the question is close, the court should rule the evidence out, not in, because of the potential for prejudice and denial of a fair tial

The "intrinsicness" discussion above informs:

*(1) be relevant to a material issue raised at trial:* Relevance is lacking because the stories are not similar enough and the outlines are just cryptic notes.

*(2) be similar in kind and close in time to the crime charged:* The stories were written years ago, which the government likely doesn't dispute, but they were found at the time of the search. Again, not similar enough.

*(3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act:* The stories are defendants; the child pornography is not. What is "sufficient evidence" anyway?

and

*(4) not have a prejudicial value that substantially outweighs its probative value.* This is basic F.R.E. 403 analysis: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, [or] confusing the issues ...."

As we all know, 404(b) is a "rule of inclusion" limited by the undue prejudice inquiry. It cannot be permitted subordinate the right to a fair trial for the convenience of the government to get anything and everything into the record to convict.

7

## CONCLUSION

The government's other evidence proffer should respectfully be rejected for prejudice and the potential for denial of a fair trial by sweeping in irrelevant and prejudicial matter.

But, if it comes in over objection, defendant has a proffered modified Model Instruction 2.08 attached.

Respectfully submitted,

JOHN WESLEY HALL
  Ark. Bar No. 73047
1202 Main St.; Suite 210
Little Rock, Arkansas 72202-5057
(501) 371-9131 / fax (501) 378-0888
e-mail: ForHall@aol.com
  *Attorney for Defendant*

## APPENDIX

### 2.08 DEFENDANT'S PRIOR SIMILAR ACTS—
### WHERE INTRODUCED TO PROVE AN ISSUE
### OTHER THAN IDENTITY (FED. R. EVID. 404(b))
(for when offered and for the final instructions)

You [are about to hear] [have heard] evidence that the defendant (describe evidence the jury is about to hear or has heard). You may consider this evidence only if you unanimously find it is more likely true than not true that the defendant committed the *act charged in the indictment*. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether defendant had the state of mind or intent necessary to commit the crime charged in the indictment; or [committed the acts he is on trial for by accident or mistake]. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed a similar act in the past, this is not evidence that he committed such an act *for which he is indicted* in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

[Note: The italicized phrases are added by us to the model instruction.]