IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA      )
           )
v.                            )      No. 4:20CR00114 DPM
           )
EDDIE SCOTT SEATON          )

## UNITED STATES' REPLY TO RESPONSE TO NOTICE OF INTENT TO PRESENT OTHER ACTS EVIDENCE

The United States of America, through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Kristin H. Bryant, Assistant U.S. Attorney for said district, hereby gives formal notice of its intent to present at trial evidence of images of child erotica possessed by the defendant on his computer. The United States also gives notice of its intent to present at trial images of sexually explicit anime images possessed by the defendant on his computer.

Following review of Mr. Seaton's response to the United States' first 404(b) notice, it is apparent that his defense is not only that he did not knowingly receive or possess depictions of child pornography, but also that someone else is responsible for the presence of those images on his computer. As discussed below, the images of child erotica and anime, as well as Mr. Seaton's admitted search history for anime, are relevant to the issues in this case.

The presence of each category of images, and particularly in the numbers each is found on the defendant's computer, is evidence of Mr. Seaton's knowledge and intent with respect to receipt and possession of depictions of child pornography as charged in the Indictment. The presence of each category of images and their respective volume is also evidence of Mr. Seaton's absence of mistake or accident, and undermines his stated defense that someone else is responsible for the presence of those images on his computer.

## I.    Introduction

The defendant is charged in a two count Indictment with receipt of obscene visual representations of the sexual abuse of children, a violation of Title 18, United States Code, Section 1466A(a)(1) and possession of child pornography, a violation of Title 18, United States Code, Section 2252(a)(4)(B).

The initial stage of the investigation and the resultant search of Mr. Seaton's residence and seizure of electronic devices and other materials is described in the United States' Notice of Intent to Present Other Acts Evidence filed May 5, 2023 (Doc. 31).

On December 30, 2019, at approximately 1702 hours, law enforcement executed a federal search and seizure warrant at 905 Eastern Avenue, Cabot, Arkansas 72023.  Contact was made with Eddie Scott Seaton, an officer with the Little Rock Police Department, and Michael Kevin Hicks.

At approximately 2054 hours, Arkansas State Police (ASP) Corporal Moomey advised Seaton of his *Miranda* Rights utilizing the LRPD *Miranda* Rights Form.  Seaton signed his *Miranda* Rights and advised he understood and would give a statement.

Seaton's statement was digitally recorded.  Seaton advised he became interested in pornography when his wife became very ill.  He stated he was curious about bestiality and Hentai (Japanese Anime pornography).  Seaton stated that he did look at the "cartoon stuff" (anime) and it would be "an adult female with a juvenile male."  Seaton advised that he viewed images using a site called Rule34 and another site called 8muses.  Seaton denied the presence of any images of child pornography on his computer, and made no mention of child erotica.

A forensic exam of Seaton's desktop computer revealed over 61,000 carved images. These included images of child pornography, child erotica, sexually explicit anime and adult

pornography.   Some of the child pornography images are described as follows: (1) a nude prepubescent female standing with the image zoomed in on her vagina; (2) a prepubescent female completely nude on a bed, on all fours, facing the headboard, with her legs spread exposing her vagina; (3) two nude prepubescent females sitting in a black chair with one exposing her vagina; and (4) a prepubescent female wearing a white tank top and nothing else, laying on her side with her legs spread exposing her vagina. Images of child erotica are not illegal, but depict minors wearing little clothing, wearing clothing suggestively, posing suggestively, or a combination of some or all of these attributes.   The forensic exam further revealed scores of images of child pornography anime.   These images portray sexually explicit conduct – frequently between figures depicting children and figures depicting adults – nudity, and erotica using cartoon characters rather than someone who actually exists.

## II.   Analysis

### A.  The Child Erotica

In *United States v. Fechner*, the Court of Appeals for the Eighth Circuit said,

> The child erotica images are also relevant to establish a motive for possessing child pornography and rebut claims of accident or mistake. See United States v. Vosburgh, 602 F.3d 512, 538 (3d Cir. 2010) (finding the possession of child erotica suggested that the defendant harbored a sexual interest in children and tended to disprove any argument that he unknowingly or accidentally possessed child pornography images); see also United States v. Hansel, 524 F.3d 841, 846 (8th Cir. 2008) (finding possession of child erotica, as part of the totality of the circumstances, can establish probable cause that defendant had child pornography on his computer).   952 F.3d 954, 961 (8th Cir. 2020)

In *Fechner*, there were over 400 images of child erotica present on an SD card which also contained forensic artifacts of the child pornography he was charged with having possessed. "Although Fechner had deleted the [child pornography], law enforcement was able to recover small sections of video and thumbnail images from the phone." *Id*. at 957  Fechner argued that

the child erotica could not suggest knowledge or possession because the images of child pornography had been deleted.   Disagreeing, the Eighth Circuit said, "[w]hile Fechner argues that the location of the images could not establish knowledge because they were inaccessible after deletion, we have permitted admission of such evidence when the files are inaccessible due to the defendant's action in deleting them. See *United States v. Marmon*, 674 F. App'x. 600, 602 (8th Cir. 2017) (unpublished). Admission of the child erotica images was permissible under Rule 404(b)." *Id*. at 962

Mr. Seaton's computer contained over 61,000 images in carved files.   These images include both adult and child pornography, child erotica and sexually explicit anime.   Having reviewed carved files on Mr. Seaton's computer, over 50,000 images of child erotica were found.   All of these were found in carved images.   Carved images are produced in two ways.   They are either images that have been viewed but not saved, or they are images that have been viewed, saved and then deleted.   Either way, they were viewed.   The fact that the images were viewed, rather than the fact that they may have been deleted, is the point.   As the Court in *Fechner* said, such evidence is still admissible.

B.  The Pornographic Anime

On Mr. Seaton's computer are three pornographic anime images that were in active space.   The date and times on which they were viewed using Microsoft Edge are still available and form the basis for Count One of the Indictment.   Along with those three images are over 60 images of sexually explicit anime found in less than the first $1/4^{th}$ of these carved files.   Because they are in carved, the dates and times of receipt and viewing are not available.   But their presence on Mr. Seaton's computer, as with the images of child pornography and child erotica, are probative.

4

During his interview, Mr. Seaton admitted that he searched for and downloaded sexually explicit anime containing figures depicted as minors.  He identified at least two sites he had used for this purpose, Rule34 and 8muses.  On his computer are a large number of file path names and file names from each of those sites.

Over 300 images of child pornography were found in the carved files.  In his interview, Mr. Seaton denied downloading or viewing child pornography.  The presence of such significant volumes of child erotica and anime involving depictions of children engaged in sexually explicit conduct is evidence of Mr. Seaton's knowing receipt and possession of depictions of minors engaged in sexually explicit conduct.

The proffered evidence is relevant to the defendant's intent and absence of mistake in possessing child pornography and child pornography anime.  Furthermore, it tends to show his knowledge of the child pornography located on his computer, contrary to his stated defense.

"Rule 404(b) provides that '[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character,' but '[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'"  *United States v. Riepe*, 858 F.3d 552, 560 (8th Cir. 2017).  "Evidence is admissible under Rule 404(b) if it satisfies the following requirements: (1) the evidence of the bad act or other crime is relevant to a material issue raised at trial; (2) the bad act or crime is similar in kind and reasonably close in time to the crime charged; (3) there is sufficient evidence to support a finding by the jury that the defendant committed the other act or crime; and (4) the potential prejudice of the evidence does not substantially outweigh its probative value."  *Id*.

"[E]vidence of prior bad acts 'should be admitted if there is sufficient evidence to support a finding by the jury that the defendant committed the [prior acts].'" *United States v. Felix*, 867 F.2d 1068, 1072 (8th Cir. 1989) (quoting *Huddleston v. United States*, 485 U.S. 681 (1988)). Other acts evidence is admissible under Rule 404(b) if proven by a preponderance of the evidence. *United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011). Moreover, it is well settled that Rule 404(b) is a rule of inclusion. *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006).

The 404(b) child erotica evidence in *Fechner* was admissible because "the child erotica's location in the same place where deleted child pornography hash values were found, and evidence that child erotica had to be manually moved to the SD card, was relevant to the jury's determination of whether Fechner knowingly possessed child pornography." *Id.* *See also*, *United States v. Croghan*, 973 F.3d 809, 820-21 (8th Cir. 2020) (holding that "as in *Fechner*, where the child erotica images were admitted to prove motive and rebut claims of accident or mistake, the pictures of Croghan's relative on PrimeJailBait.com and testimony concerning those pictures were offered for the permissible purpose of proving Croghan's identity as Beau2358."); *United States v. Bartunek*, 696 F.3d 860, 863 (8th Cir. 2020) (admitting 404(b) evidence of the defendant's possession of life-sized dolls because "Bartunek's theory of defense was that someone else accessed his internet service, downloaded images to his devices, and distributed the child pornography. The dolls were relevant to overcome the defense by showing Bartunek's motive for acquiring and distributing child pornography. That Bartunek derived gratification from the replicas of young children gave him a motive to possess and distribute child pornography.").

6

The child erotica and sexually explicit anime in this case go to prove the defendant's intent, knowledge, and motive to download child pornography and possess it.  Furthermore, it goes to rebut any claims of accident or mistake.  The proffered evidence is close in time to the events charged in the Indictment, and is relevant.

Finally, admission of the proffered evidence would not unduly prejudice the defendant or confuse the jury.  Taking into consideration Mr. Seaton's admissions regarding the sexually explicit anime, the file path names and file names, and the fact that these images are almost entirely found in the computer's carved files, this evidence and proof of it is necessarily intertwined with the evidence of child pornography present on his computer.  The evidence is either less prejudicial than the other evidence that will come in at trial, and/or is the same as the substantive evidence in this case.  Moreover, any unfair prejudice can be addressed by the Court instructing the jury as to the proper purposes of any Rule 404(b) evidence.

## IV.    Conclusion

For the foregoing reasons, the United States provides this notice of its intent to offer the child erotica and anime pursuant to Federal Rule of Evidence 404(b).

JONATHAN D. ROSS
United States Attorney

Kristin H. Bryant
Assistant U.S. Attorney
AR Bar No. 2009156
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Kristin.Bryant@usdoj.gov