# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-3157
_____

United States of America

*Plaintiff - Appellee*

v.

Eddie Seaton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 17, 2025
Filed: October 24, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

While searching Eddie Seaton's computer, officers found three anime images depicting sexually explicit acts between minor boys and an adult female. A forensic examination also revealed a large cache of child pornography images in his computer's "carved space," the unallocated space within the computer's hard drive, which contains deleted files that have not been overwritten. Following a four-day

FILED

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

Oct 24, 2025

Tammy H. Downs, Clerk
By: ForrestDunn D.C.
DEP CLERK

4:20-cr-00114-DPM

trial, a jury convicted Seaton of receipt of obscene visual representations of the sexual abuse of children, 18 U.S.C. § 1466A(a)(1) (Count One), and possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) (Count Two).  The district court[1] denied Seaton's motion for judgment of acquittal.

Seaton argues that 18 U.S.C. § 1466A(a)(1) is unconstitutional as applied to him because the anime images do not depict real children.[2]  But the statute proscribes "obscene" images, § 1466A(a)(1)(B), which the First Amendment does not protect regardless of whether the images depict real or fictional children.  *See United States v. Buie*, 946 F.3d 443, 445–46 (8th Cir. 2019) (rejecting facial challenge to § 1466A(b)(1) because statute limited proscription to "obscene" visual depictions of minors).  Seaton's reliance on *Ashcroft v. Free Speech Coalition* is misplaced.  535 U.S. 234 (2002).  There, the Supreme Court found that a law proscribing virtual child pornography was unconstitutionally overbroad because it restricted images that were not the product of child abuse and did not require them to be obscene.  *Id.* at 256.

Viewing the evidence in the light most favorable to the verdict, a reasonable jury could find that the three anime images were obscene.  *United States v. Cook*, 603 F.3d 434, 437 (8th Cir. 2010) (standard of review).  A work is obscene if: (1) "'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest," (2) "the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law," and (3) "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."  *Miller v. California*, 413 U.S. 15, 24 (1973) (citations omitted).  The anime images depict sexually explicit acts between two young boys and an adult woman that a reasonable jury could find appeal to the

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

[2]We reject Seaton's argument that § 1466A(a)(1) requires that the minor depicted actually exist.  § 1466A(c) ("It is not a required element of any offense under this section that the minor depicted actually exist."); *see United States v. Arthur*, 51 F.4th 560, 568–69 (5th Cir. 2022).

Appellate Case: 24-3157   Page: 2   Date Filed: 10/24/2025 Entry ID: 5571185

prurient interest.  The jury could also find that the images' depictions of children engaging in sexual conduct with an adult are patently offensive and that they are different from the literary and film works Seaton cites.

Turning to Count Two, Seaton argues that the evidence was insufficient to show he knowingly possessed the cache of child pornography images found in his computer's carved space because the space could not be accessed without additional software, which was not found on his computer.  He also suggests that Kevin Hicks—a man who had access to Seaton's home and who was later convicted of possessing child pornography—could have deposited the images there.  But Hicks testified that he had never used Seaton's computer and that Seaton had asked him how to search for child pornography.  Seaton also admitted that he used certain search terms, which appear to match images that were found in the carved space. And while the location of child pornography in inaccessible computer locations "'can raise serious issues of inadvertent or unknowing possession . . . these are issues of fact, not of law.'"  *United States v. Hensley*, 982 F.3d 1147, 1157 (8th Cir. 2020) (citation omitted).  Resolving evidentiary conflicts in favor of the government, a reasonable jury could find Seaton knowingly possessed the child pornography.  *See Cook*, 603 F.3d at 437.

Affirmed.

_____

-3-

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
## St. Louis, Missouri 63102

**Susan E. Bindler**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

October 24, 2025

John Wesley Hall Jr.
JOHN WESLEY HALL, JR., P.C.
Suite 210
1202 Main Street
Little Rock, AR  72202-5057

     RE:  24-3157  United States v. Eddie Seaton

Dear Counsel:

     The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion.

     Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. Except as provided by Rule 25(a)(2)(iii) of the Federal Rules of Appellate Procedure, no grace period for mailing is allowed. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

                    Susan E. Bindler
                    Clerk of Court

DAK

Enclosure(s)

cc:    Kristin Huntington Bryant
     Samantha J. Carpenter
     Clerk, U.S. District Court, Eastern District of Arkansas
     Eddie Seaton
     John Dennis Webster
     John Ray White

     District Court/Agency Case Number(s):  4:20-cr-00114-DPM-1